173 Cal.App.4th 562 (2009)
___ Cal.Rptr.3d ___
In re L.B., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent,
v.
A.R., Defendant and Appellant.
No. B210574.
Court of Appeals of California, Second District, Division Five.
April 28, 2009.
*563 Grace Clark, under appointment by the Court of Appeal, for Defendant and Appellant.
Raymond G. Fortner, Jr., County Counsel, James M. Owens and Tracey F. Dodds, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
ARMSTRONG, J.
Appellant A.R. (Father) is the father of two boys, L.B. (born in September of 2005) and A. (born in September of 2007). This case came to the attention of the Los Angeles County Department of Children and Family Services (the DCFS) when, on November 2, 2007, DCFS received a referral that M. (Mother), the children's mother and the mother of their half sister, six-year-old J., had been evicted from a residential substance abuse program due to a positive drug test. Mother left the drug program on October 29, 2007, with the two younger children, a newborn and a two year old.
DCFS was not able to locate Mother or the two boys. J. was located at her elementary school, and was taken into protective custody on November 5, 2007. A petition was filed pursuant to section 300 of the Welfare and Institutions Code[1] on November 8, 2007, alleging that Mother had a long history of substance abuse which rendered her incapable of providing regular care for her three children. Neither Mother nor Father appeared at the *564 November 8 hearing, and arrest warrants were ordered for each parent. Additionally, the court ordered protective custody warrants to be issued and held for the two boys. The court found a prima facie case for detaining the children, the existence of a substantial danger to the physical or emotional health of the children, and that there were no means of protecting the children short of removal from the parents.
In a subsequent hearing, the juvenile court stated that it could not do anything regarding L. and A. as they had still not been located. The court declared J. a dependent of the court. DCFS was ordered to provide family reunification services (although the parents' whereabouts were unknown), and set the six-month review hearing for May 7, 2008.
Mother was arrested on April 19, 2008. At that time, the police apparently turned the boys over to the children's maternal grandfather, who in turn delivered A. to his paternal grandparents and L. to his cousin, to care for them.
On May 7, 2008, Mother and Father each made their first appearance in juvenile court. The court made detention findings for the two boys, and found Father to be the presumed father of A. and the "declared" father of L. A. was placed in foster care. However, the identity of the family member caring for L. was not determined, and his whereabouts remained unknown. Mother was ordered into a drug treatment program, the parents were granted twice-weekly monitored visits, and the case was continued for a hearing to determine the whereabouts of L.
On May 12, 2008, Mother brought L. to the DCFS office.
At a continued hearing on July 11, DCFS filed a first amended petition, alleging that Mother had a history of substance abuse which rendered her incapable of caring for the children, while Father had a history of domestic violence, having been convicted of violating Penal Code section 273.5, subdivision (a), infliction of corporal injury on a spouse or cohabitant. The court sustained the amended petition and ordered family reunification services. The children were ordered to be suitably placed, and the parents were allowed monitored visits (Mother's to commence upon release from custody). The court set the next hearing for December 17, 2008, as a 12-month review pursuant to section 366.21, subdivision (f), and DCFS was ordered to prepare and submit a section 366.21, subdivision (f) report for that hearing. The court explained that the reason it denominated the hearing a 12-month, rather than a six-month, review hearing, was that the timeframe for ordering reunification services ran from the time the court found a prima facie case at the detention hearing held in November 2007.
*565 On September 5, 2008, Father timely filed a Notice of Appeal from the "jurisdictional and dispositional orders made on 7/11/08." The sole assignment of error raised in Father's opening brief is the juvenile court's purported error "in finding that the allotted time for the parents to receive reunification services [commenced to run] at the detention hearing, rather than when the children were placed in foster care." Specifically, Father argues that the dependency statutes set up three distinct time periods for parents to reunify with their children: from the jurisdictional hearing to the six-month review hearing; from the six-month to the 12-month review hearing; and from the 12-month to the 18-month review hearing. Different standards at these three different stages, such that reunification "services during these three periods [are] first presumed, then possible, then disfavored." (Tonya M. v. Superior Court (2007) 42 Cal.4th 836, 845 [69 Cal.Rptr.3d 96, 172 P.3d 402].) Thus, according to Father, "the time that reunification services were deemed to have begun influences not only how much time a parent has left to complete services, but affects the standards the court uses to evaluate whether or not to provide additional services." Father concludes that, by declaring that the November 2007 detention hearing was the date from which parents' reunification efforts are to be judged, the juvenile court in effect deprived him of six months of services and required the imposition of a more onerous standard in assessing Father's progress in reunifying.
DCFS requests that we dismiss the appeal, since the alleged error is prospective only, and thus the issue is not ripe for appellate review. We agree with DCFS that the challenged error is not reviewable on this appeal.
(1) The order which the court made, and from which Father appeals, was to set a review hearing six months in the future to review the progress of parents' reunification efforts and the need for continued jurisdiction of the juvenile court. That order was not based on any "finding" of the juvenile court, but upon the statute which provides for such hearings. (§ 366.21.) While the juvenile court stated on the record its intention to treat the calendared hearing as a "12-month review" as opposed to a "six-month review" hearing, Father is not currently aggrieved. The court did not order fewer or different reunification services as a consequence of its conclusion that the hearing would proceed under subdivision (f), rather than subdivision (e), of section 366.21. Indeed, as of the date of the order from which Father appeals, the juvenile court has not yet committed the error which Father warns against. If and when the juvenile court denies Father reunification services to which he would be entitled if the court applied the proper statutory provision, he will be aggrieved, and may appeal that order.

*566 DISPOSITION
The appeal is dismissed.
Turner, P. J., and Kriegler, J., concurred.
NOTES
[1] Further statutory references are to this code.