Filed 2/26/14  In re C.W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re C.W., III, a Person Coming Under the Juvenile Court Law. | |
| | D064412 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J512043C) |
| v. | |
| C.W., III, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Carol Isackson, Judge.  Dismissed.

Valerie N. Lankford, under appointment by the Court of Appeal, for Minor and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Emily K. Harlan, Deputy County Counsel, for Plaintiff and Respondent.

At the six-month review hearing in the dependency case of child C.W., III (C.W.), the juvenile court found the San Diego County Health and Human Services Agency (Agency) had not provided reasonable reunification services to C.W. and his parents, mother Carla G. and father C.W., Jr. (together the parents). The court set a new six-month review hearing approximately six months from the original six-month hearing and reset the 12-month review hearing for a date approximately six months after that (approximately 18 months from the date of detention). However, at a special hearing two months after the original six-month review hearing, the court set a combined 12- and 18-month review hearing 18 months from the date of detention. C.W. appeals, contending the court was unaware of and did not exercise its discretion to set the 12-month review hearing beyond the 18-month date, which it should have done to remedy the absence of reasonable services during the first six months of the dependency.

BACKGROUND

Shortly after his birth in December 1998, C.W. became a juvenile court dependent because his siblings had been physically abused. In July 2000, the court ordered a permanent plan of guardianship for C.W. and terminated dependency jurisdiction. In November 2003, the court reinstated jurisdiction and ordered that C.W. begin a 60-day trial visit with Carla. In August 2004, the court granted Carla custody of C.W. and terminated dependency jurisdiction.

In September 2012, the San Diego County Health and Human Services Agency (the Agency) filed a new dependency petition for C.W., then 13 years old. (Welf. & Inst.

2

Code,[1] § 300, subd. (c) [serious emotional damage].) The petition, as later amended, alleged: C.W. kicked Carla in the stomach; he beat his brothers with his fists; he attempted to hit a man with a baseball bat; he fondled his sister's breast and said he had seen his brother touching her inappropriately; and he watched pornography. He was in juvenile hall and had been adjudged mentally incompetent to stand trial.[2]

On September 7, 2012, C.W. was detained in a group home. On October 18, 2012, the court made a true finding on the petition, ordered C.W. placed in a group home and ordered reunification services for Carla and C.W. C.W.'s services included "therapy to address sexual[ly] inappropriate behaviors and mental health concerns"; sexual abuse group therapy if recommended by C.W.'s individual therapist; and monitoring of C.W.'s psychotropic medication. The court set a six-month review hearing for April 2013 and a 12-month review hearing for October. In January 2013, the court granted C.W., Jr., presumed father status and ordered reunification services for him. In April, the court set a contested six-month review hearing for May 31.

At the May 31, 2013, hearing, C.W.'s counsel argued the Agency had not provided reasonable services; specifically, C.W. had not received specialized therapy with a therapist who had a background in sexual abuse. The court found, by clear and convincing evidence, the Agency had not provided reasonable services and ordered the Agency to provide services. The court set a new six-month review hearing for November

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     C.W. was charged with molestation in the juvenile delinquency case. The case was later dismissed.

3

19, vacated the October 12-month review hearing date and set a new 12-month review hearing for May 20, 2014.

In July 2013, the Agency requested a special hearing. The Agency filed points and authorities contending the court should have set the 12-month review hearing for a date no later than March 6, 2014, 18 months after detention. C.W.'s counsel filed opposition, arguing the Legislature intended that families with children older than three years receive at least 12 months of reasonable services, and extending the 12-month review date beyond the 18-month date after detention was the only remedy for the delay in providing services to C.W.

The special hearing took place in August 2013. The court concluded there was no case or statutory law allowing it to set a 12- or 18-month review hearing beyond the 18-month date. The court confirmed November 19 as the six-month date; determined March 6, 2014, was the 12- and 18-month review date; and set the 12- and 18-month review hearing for March 5. The court said that at the March 5 hearing, it would be inclined to grant a motion by C.W.'s counsel to continue the hearing for good cause (§ 352). The court defined good cause as C.W.'s continued need for services because "proper services were not provided during the original review period." The court said it would "give great weight to the original finding of no reasonable services having been provided during the original six-month period" and to C.W.'s need for services.

## THE AGENCY'S REQUEST FOR JUDICIAL NOTICE
## AND MOTION TO AUGMENT THE RECORD

The Agency requests judicial notice of a November 19, 2013, six-month review minute order reflecting findings that C.W. was "being provided adequate and reasonable services" and reasonable services had been provided or offered to the parents. The minute order states that the court continued the parents' services, ordered C.W.'s therapist to provide progress reports to the social worker, and confirmed the March 5, 2014, 12-month review hearing. The Agency argues "the minor has received his statutory remedy for a no reasonable services finding of approximately six more months of reasonable services while this appeal has been pending"; the appeal is not ripe because services have not been terminated; and the appeal should be dismissed.

The Agency moves to augment the record on appeal with a report filed on November 12, 2013, for the November 19 hearing. The report "details the services provided by the Agency to [C.W. and the parents] since the last review hearing and their progress in those services" and recommends that services continue. The Agency argues the report "will assist this Court in determining that [C.W.]'s appeal is not yet ripe."

C.W. opposes the request for judicial notice, arguing the Agency's ultimate provision of reasonable services has no bearing on the court's August 7, 2013, recalculation of the 12-month review date. C.W. opposes the motion to augment the record, arguing the report is irrelevant, prejudicial and improper postjudgment evidence and "represents an attempt to create a record, not complete[] the record." C.W. also notes the report may contain information that is no longer accurate.

5

We grant the request for judicial notice and deny the motion to augment the record.

DISCUSSION

"The remedy for a failure to provide reasonable reunification services is an order for the continued provision of services, even beyond the 18-month review hearing." (*In re Alvin R.* (2003) 108 Cal.App.4th 962, 973-975.) "While the Legislature was concerned with reducing delays in arriving at a permanent resolution of the child's placement, we do not believe the Legislature intended a speedy resolution of the case to override all other concerns including 'the preservation of the family whenever possible' especially given the lengths to which the Legislature went to try to assure adequate reunification services were provided to the family." (*In re Daniel G.* (1994) 25 Cal.App.4th 1205, 1211-1215.)

In general, in a dependency case for a child of C.W.'s age, "court-ordered services shall be provided beginning with the dispositional hearing and ending 12 months after the date the child entered foster care as provided in Section 361.49, unless the child is returned to the home of the parent or guardian." (§ 361.5, subd. (a)(1)(A).) "[A] child shall be deemed to have entered foster care on the earlier of the date of the jurisdictional hearing . . . or the date that is 60 days after the date on which the child was initially removed from the physical custody of his or her parent or guardian." (§ 361.49.)

C.W. "entered foster care," within the meaning of section 361.49, on October 18, 2012, the date of the jurisdictional and dispositional hearing. At the May 31, 2013, six-month review hearing, the court found reasonable services had not been provided and

6

extended services for approximately six months, to November 19, 2013.  On November 19, 2013, the court made a reasonable services finding and continued services for a period of approximately three and one-half months, to March 5, 2014.

C.W.'s contention that he has not been afforded a remedy for the lack of reasonable services is not ripe for review.  The basis of his contention is the possibility that he may ultimately receive fewer than 12 months of reasonable reunification services.  If, at the March 5, 2014, hearing, the court terminates reunification services and does not return C.W. home, he will have received slightly more than nine months of services rather than the 12 months specified in section 361.5, subdivision (a)(1)(A).  At this time, however, he is still receiving services.  Twelve months have not elapsed since May 31, 2013, when the court found that reasonable services had not been provided and ordered that services continue.

An order setting a date for a review hearing is not based on any factual finding resulting in a reduction or deprivation of reunification services.  (*In re L.B.* (2009) 173 Cal.App.4th 562, 565.)  Only when, and if, the court makes such a factual finding will C.W. be aggrieved.  (*Ibid.*)  This conclusion is not altered by the varying burdens applicable at the six-, 12- and 18-month review hearings.  (*Ibid.*)

DISPOSITION

The appeal is dismissed.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.